IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2022 MAR 21  A 10: 07

**DOUGLAS SAXBY**                                             **PLAINTIFF**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs.                                 No. 3:22-cv-*140*

**JASH, INC., and SANJEEV PATEL**                          **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiff Douglas Saxby ("Plaintiff"), by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendants Jash, Inc., and Sanjeev Patel (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II.    JURISDICTION AND VENUE

3.    The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    Plaintiff was employed by Defendant in Russell County.

5.     The acts and omissions complained of herein took place within the Eastern Division of the Middle District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

6.     Plaintiff is an individual and resident of Russell County.

7.     Separate Defendant Jash, Inc. ("Jash"), is a domestic, for-profit corporation.

8.     Jash's registered agent for service of process is Jash, Inc., at 802 Highway 165 South, Fort Mitchell, Alabama 36856.

9.     Separate Defendant Sanjeev Patel ("Patel") is an individual and resident of Alabama.

### IV.     FACTUAL ALLEGATIONS

10.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Defendants operate a convenience and liquor store in Fort Mitchell.

12.     Patel is a principal, director, officer, and/or owner of Jash.

13.     Patel took an active role in operating Jash and in the management thereof.

14.     Patel, in his role as an operating employer of Freeman Body, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as food and beverage products.

16.   Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17.   Defendants are employers within the meaning of the FLSA and were, at all times relevant herein, Plaintiff's employers.

18.   At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19.   Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

20.   Specifically, Defendant employed Plaintiff from at least March of 2020 until the January of 2022.

21.   At all relevant times herein, Defendants directly hired Plaintiff, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

22.   Plaintiff was initially employed as a laborer until around September of 2020, and thereafter he was employed as a cashier and was primarily responsible for assisting Defendant's customers, operating the cash register, cleaning the store and stocking the shelves.

23.     Plaintiff, in the regular course of his duties, handled instrumentalities of interstate commerce such as credit cards and telephones.  He also handled merchandise that traveled in interstate commerce.

24.     Plaintiff regularly worked over 40 hours per week.

25.     Defendants paid Plaintiff $85 per week in store credit.

26.     Defendants paid Plaintiff $3,000 in December of 2021.

27.     The weekly $85 store credit and one-time payment of $3,000 constitute the entirety of the compensation that Defendants have paid to Plaintiff.

28.     Defendants also provided Plaintiff with a rent credit and allowed him to live in a camper on Defendants' property.

29.     Defendants initially represented to Plaintiff that the land would be deeded over to him as payment for his work, but Defendants never conveyed the property.

30.     Defendants did not pay Plaintiff a lawful minimum wage for all hours worked.

31.     Defendants did not pay Plaintiff an overtime premium for hours worked over 40 each week.

32.     Defendant regularly scheduled Plaintiff to work from the time the store opened until the time the store closed.

33.     The store's regular hours are from 7 am until 9 pm, Monday through Saturday, and from 1 pm until 9 pm on Sundays.

34.     Defendant knew or should have known that Plaintiff was regularly working hours over 40 each week.

35.    At all relevant times herein, Defendant has deprived Plaintiff of regular wages for all hours worked, and overtime compensation for all of the hours worked over forty per week.

36.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    CLAIM FOR RELIEF—VIOLATION OF THE FLSA

37.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

38.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

41.    Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

42.    Defendant failed to pay Plaintiff for all hours worked.

43.    Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty each week.

44.    Defendant knew or should have known that its actions violated the FLSA.

45.    Defendant's conduct and practices, as described above, were willful.

46.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

47.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Douglas Saxby respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, and its related regulations;

D.    An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DOUGLAS SAXBY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com