IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS SAXBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:22-cv-140-ECM |
| | ) | [WO] |
| JASH, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Now pending before the Court is the parties' joint motion to approve settlement (doc. 17) filed on July 25, 2022.  For the reasons explained below, the motion is due to be granted.

Plaintiff Douglas Saxby brings this action against Defendants Jash, Inc. and Sanjeev Patel, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  The Plaintiff alleges that he worked for the Defendants from March 2020 until January 2022, and that he was not paid a lawful minimum wage for all hours worked or an overtime premium for hours worked in excess of forty hours each week.  He seeks compensatory damages, liquidated damages, interest, attorney's fees, and costs.  The Defendants filed an Answer in which they denied the Plaintiff's allegations and asserted that the Plaintiff had never been employed by the Defendants.

The parties now move the Court to approve their settlement of the Plaintiff's FLSA claim, which they reached during arms-length negotiations.  The Court has a duty to scrutinize the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350, 1353 (11th Cir. 1982).  A settlement is fair when it is a "reasonable compromise" or a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55.  Upon review of the proposed settlement, the Court finds that the parties have reached an agreement based on a negotiated, reasonable compromise of a bona fide dispute over FLSA provisions.  Under the settlement, the Plaintiff receives $20,000.00, which is an amount that compensates him for an assumed fifteen hours of uncompensated work at the applicable minimum wage per week during his alleged tenure working for the Defendants.  Further, the Court finds that the agreement reflects a fair and reasonable resolution of the dispute between the parties.  The monetary sum the Plaintiff receives in this settlement is reasonable particularly given the Defendants' position that the Plaintiff was never employed by the Defendants.

The parties also request that the Court dismiss this case with prejudice.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The parties' joint motion to approve settlement (doc. 17) is GRANTED;

2. This action is DISMISSED WITH PREJUDICE, with each party to bear their own costs.

A separate Final Judgment will enter.

DONE this 1st day of August, 2022.

                                              /s/ Emily C. Marks  
                                    EMILY C. MARKS  
                                    CHIEF UNITED STATES DISTRICT JUDGE